IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HELEN E. HENNING | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. WMN-16-1627 |
| ORGANIZED CRIME BALTIMORE MARYLAND | * | |
| (Stemming from my work location Pimlico Race Course or Streets) | * | |
| Defendant. | * | |

\*\*\*\*\*

## MEMORANDUM

On May 25, 2016, Helen Henning, a self-represented plaintiff who lists a Chicago, Illinois post office box address, filed this action invoking this Court's 278 U.S.C. § 1331 federal question jurisdiction. Ms. Henning claims that she is stalked by "organized crime" everywhere she travels and on May 19, 2016, she noticed that she was "being stalked outside of 30 miles of Baltimore...until current traveling from Chicago, Ill[inois] by car." ECF No. 1 at p. 1. In addition, she claims that unidentified persons are "circulating a video tape of me unwanted sex act from the work place in Chicago just about everywhere I travel to work for racetracks." *Id.* at p. 2. Ms. Henning's Complaint was not accompanied by the civil filing fee or motion for leave to proceed in forma pauperis, summons, or civil cover sheet. She shall not be required to cure these deficiencies.

Because Ms. Henning is proceeding as a self-represented litigant, the Court must liberally construe her Complaint allegations. *See e.g., Erickson v. Pardus,* 551 U.S. 89, 94 (2007). This

Court, however, is not required to conjure up questions never squarely presented to it.[1] *See Beaudett v. City of Hampton*, 775 F. 2d 1274, 1277 (4th Cir. 1985). Further, a pleading which sets forth a claim for relief shall contain a short and plain statement of the grounds upon which the court's jurisdiction depends; a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for judgment for the relief the pleader seeks. *See* Fed. R. Civ. P. 8(a). Although self-represented pleadings must be "liberally construed" and "held to less stringent standards than those by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a complaint need not contain detailed allegations. The facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A Court may consider subject matter jurisdiction as part of its initial review of the Complaint. *See Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) (holding that "[d]etermining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure"). In general, if subject matter jurisdiction is lacking in an action before a court, the action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Consequently a federal court must determine with certainty whether it has subject matter jurisdiction over a case pending before it and, if necessary, has an obligation to consider

---

[1] A federal court does not act as an advocate for a self-represented claimant. *See Brock v. Carroll*, 107 F.3d 241, 242-43 (4th Cir. 1996); *Weller v. Department of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

its subject matter jurisdiction *sua sponte*. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[Q]uestions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004).

Upon generous review of the Complaint allegations, the Court finds that Ms. Henning has, at best, set out fanciful and fantastic claims, which fail to state a federal cause of action under this Court's § 1331 jurisdiction. A district court has inherent authority to dismiss a frivolous complaint *sua sponte*. *See Mallard v. United States Dist. Ct. for S.D. of Iowa*, 490 U.S. 296, 307-08, (1989) (courts have authority to dismiss a frivolous or malicious lawsuit even in absence of a specific statutory provision); *Ross v. Baron*, 493 Fed. App'x 405, 406 (4th Cir. 2012) (unpublished) (noting that "frivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid"); *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (holding that district courts may dismiss frivolous complaints *sua sponte*, even when plaintiff has paid the filing fee, noting that "district courts are in particular likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources"). The Court finds that the instant matter is subject to dismissal due to Ms. Henning's failure to argue a meritorious federal claim. A separate order follows.

Date:   May 27, 2016                              /s/
                                                  _____
                                                  William M. Nickerson
                                                  Senior United States District Judge